UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

RODNEY A LARSON,

        Plaintiff,

        v.                                       Case No. 11-C-0930

BROWN COUNTY, DENNIS KOCKEN,
JOHN P. ZAKOWSKI, JOHN D. MCKAY,
JAMES W. DROOTSAN, WILLIAM POLLARD,

        Defendants.

DECISION AND ORDER GRANTING IN PART AND DENYING IN PART
THE MOTION TO DISMISS DEFENDANTS ZAKOWSKI, MCKAY AND
POLLARD (DOC. 8), DENYING THE AMENDED MOTION TO DISMISS DEFENDANTS
BROWN COUNTY, DROOTSAN AND KOCKEN (DOC. 17)
AND SETTING SCHEDULING CONFERENCE

        Rodney A. Larson ("Larson") brought this civil rights action pro se under 42 U.S.C. §§ 1983 and 1985(2), against the following parties, which he asserts are responsible for his unlawful imprisonment: Brown County; Brown County Sheriff, Dennis Kocken ("Sheriff Kocken"); Brown County District Attorney, John P. Zakowski ("DA Zakowski"); Wisconsin Circuit Court Judge, John D. McKay ("Judge McKay"); Brown County Sheriff, James W. Drootsan ("Sheriff Drootsan"); and the warden of Green Bay Correctional Institution, William Pollard ("Warden Pollard"). Defendants DA Zakowski, Judge McKay and Warden Pollard moved to dismiss for lack of personal jurisdiction and ineffective service of process, Eleventh Amendment immunity, judicial immunity, prosecutorial immunity, the *Rooker-Feldman* doctrine and for failure to state a claim upon which relief may be granted. In addition, Brown County, Drootsan and Kocken have moved to dismiss for lack of personal jurisdiction and ineffective service of process. For the foregoing reasons, the initial motion to dismiss is granted in part and denied in part; the latter motion is denied.

## STANDARD OF REVIEW

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. Dismissal of an action under such a motion is warranted if the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Scott v. City of Chicago*, 195 F.3d 950, 951 (7th Cir.1999); *see Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The essence of a Rule 12(b)(6) motion is not that the plaintiff has pleaded insufficient facts; rather, it is that even assuming the facts presented are accurate, he has no legal claim. *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 627 (7th Cir.1999).

Federal notice pleading requires only that a plaintiff set out a "short and plain" statement of the claim providing a defendant with fair notice of his claim; fair notice does not require every element of a legal theory to be set forth. *Scott*, 195 F.3d at 951. However, the factual allegations must be enough to rise above the speculative level, meaning that the contentions have to state a claim that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). "[A] district court should dismiss a complaint if 'the factual detail . . . [is] so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663 (2007)). Conclusions or vague language are acceptable so long as a defendant can understand the claim. *See Muick v. Glenayre Elecs.*, 280 F.3d 741, 744 (7th Cir. 2002).

2

## STATEMENT OF RELEVANT FACTS

On March 6, 1994, the Highway 54 T-Mart was robbed and a convenience store clerk was attacked in New Franken, which is located in Brown County, Wisconsin. Based upon Larson's complaint, the crime was classified as armed robbery and aggravated battery. The investigation was closed on January 11, 1996.

In 2005, the Wisconsin State Crime Laboratory tested a scarf found at the crime scene and the DNA of more than one individual was found. The DNA profile was similar to nine of Larson's fifteen genetic markers, and according to Larson, the test results should have excluded him as a suspect.

On November 21, 2005, Sheriff Drootsan and Sargent Eric Frost questioned Larson about the incident at the Highway 54 T-Mart. They did not read Larson his Miranda rights or record the conversation. On December 23, 2008, fourteen years after the crime and three years after Larson was questioned, an amended complaint was filed. Larson was charged with attempted first-degree intentional homicide, contrary to Wis. Stat. §§ 940.01(1), 939.32. He moved to dismiss the action arguing that the charge was barred by the statute of limitations, but the motion was denied. After a two-day trial, a jury found Larson guilty.

Larson appealed to the Wisconsin Court of Appeals. On June 21, 2011, the Wisconsin Court of Appeals concluded, pursuant to Wis. Stat. § 939.74(1), that a prosecution for attempted first-degree intention homicide must be commenced within six years. After serving two years and nine months in prison, the Court of Appeals reversed Larson's conviction and he was released. On October 5, 2011, Larson brought the present action and this court has granted his request to proceed in forma pauperis.

ANALYSIS

I.

In their respective motions to dismiss, defendants argue that this court lacks personal jurisdiction over the defendants because Larson failed to serve defendants with process as required. Rule 4 of the Federal Rules of Civil Procedure provides in part:

> (m) Time Limit for Service. If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The Seventh Circuit has held that the 120-day period to effectuate service is tolled when the plaintiff relies on the United States Marshal to serve defendants, until the date on which in forma pauperis status is granted. *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 557 n.5 (7th Cir. 1996) (citing *Paulk v. Dep't of the Air Force*, 830 F.2d 79 (7th Cir. 1987)).

Here, the time period to serve defendants was tolled from Larson's request for in forma pauperis status, October 5, 2011, until this court granted his request, April 9, 2012. Counting 120 days from the court's April 9 order, the complaint must be served upon defendants no later than August 6, 2012. Consequently, defendants' respective motions to dismiss for lack of personal jurisdiction due to insufficient service will be denied and the United States Marshals' will be directed to serve defendants forthwith.

According to defendants Brown County, Sherif Kocken and Sherif Drootsan, a six-year statute of limitations applies to Section 1983 civil rights claims made in Wisconsin. *Gary v. Lacke*, 885 F.2d 399, 409 (7th Cir. 1989). Hence, these defendants ask the court

4

to dismiss the action with prejudice asserting that the relevant statutes of limitations have expired.

Larson alleges that his civil rights were violated on various occasions, commencing November 21, 2005. Less than six years later, on October 5, 2011, Larson filed this action. Because Larson filed the complaint before the expiration of the relevant statute of limitations, his claims are not barred.

II.

Defendants DA Zakowski, Judge McKay and Warden Pollard also move to dismiss asserting Eleventh Amendment immunity, judicial immunity, prosecutorial immunity, the *Rooker-Feldman* doctrine and failure to state a claim upon which relief may be granted.

JUDGE JOHN D. MCKAY

It is a fundamental principle that judges are entitled to absolute immunity from damages for their judicial acts. See *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349 (1976); *Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001). Absolute immunity focuses on the governmental function being performed and the nature of the responsibilities of the official, not on the specific action taken. *Bogan v. Scott-Harris*, 523 U.S. 44, 54-55 (1998). If a petitioner brought a claim against a judge defendant in his individual capacity for his or her judicial acts, the judge would nevertheless be entitled to judicial immunity. *See Mireles*, 502 U.S. at 9. The Seventh Circuit Court of Appeals analyzes three factors to determine whether a particular act or omission is entitled to judicial immunity: (1) whether the act or decision involves the exercise of discretion or judgment, or is rather a ministerial act which might as well have been committed to a private person as to a judge; (2) whether the act is normally performed by a judge; and (3) the expectations

5

of the parties, i.e., whether the parties dealt with the judge as a judge. *Dawson v. Newman*, 419 F.3d 656, 661 (7th Cir. 2005). Moreover, a judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority.

This action was brought against Judge McKay in his individual and official capacities. (Compl. ¶¶ 7, 45.) Larson maintains that he was injured by Judge McKay when the judge: denied his motion to dismiss because he believed the issues were more appropriate for consideration by the appellate court (Compl. ¶ 34); denied the motion to dismiss knowing that if he granted the motion Larson would have avoided trial and imprisonment (Compl. ¶ 35); exercised his will and not his judgement by allowing a known time-barred prosecution (Compl. ¶ 35); based decisions upon his desire to clear the case from his docket (Compl. ¶ 36); denied the admission of exculpatory evidence (Compl. ¶ 36); denied various other motions (Compl. ¶ 36); failed to inform the jury that interrogation procedures did not comply with Wisconsin law (Compl. ¶ 36); and disregarded illegal acts brought to his attention (Compl. ¶ 36). Larson contends that Judge McKay allowed the case to progress despite warning signs that the prosecution was unlawful. (Doc. 20 at 4.)

Regardless, a judge may be subject to liability when he has acted in the clear absence of all jurisdiction. *Stump*, 435 U.S. at 349. Wisconsin's Constitution states, "[e]xcept as otherwise provided by law, the circuit court shall have original jurisdiction in all matters civil and criminal within this state." Wis. Const. Art. VII, Sec. 8. Wisconsin's circuit courts are courts of general jurisdiction. *Prairie Du Sac v. Kramer*, 194 Wis. 495, 498 (Wis. 1928). "Personal jurisdiction in a criminal case attaches by an accused's physical presence before the court pursuant to a properly issued warrant, a lawful arrest or a voluntary

6

appearance, and continues throughout the final disposition of the case." *State v. Chabonian*, 55 Wis. 2d 723, 726 (Wis. 1972) quoting *Kelley v. State*, 54 Wis. 2d 475, 479 (Wis. 1972). Where a defendant made no objection to the personal jurisdiction of the trial court before entering his plea, any such objection is waived. Notably, the Supreme Court has stated that

> The necessary inquiry in determining whether a defendant judge is immune from suit is whether . . . he had jurisdiction over the subject matter before him. . . . [T]he scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge.

*Stump*, 435 U.S. at 349.

Larson asserts that Judge McKay was without personal and subject matter jurisdiction. (Doc. 20 at 5.) However, he offers no evidence to support this claim nor does he indicate that he challenged personal jurisdiction before entering his guilty plea. Thus, the court finds that any objection to personal jurisdiction was waived. Even so, Judge McKay's court had subject matter jurisdiction over criminal cases charging violations of Wisconsin law that occurred in Brown County, Wisconsin. Hence, judicial immunity shields Judge McKay from liability in this action.

DISTRICT ATTORNEY ZAKOWSKI

Prosecutors enjoy absolute immunity for "acts undertaken . . . in the course of his role as an advocate for the State," *Whitlock v. Brueggemann*, 682 F.3d 567 (7th Cir. 2012) (*citing Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)), which includes absolute immunity from § 1983 suits for damages when the actions in dispute were within the scope of their prosecutorial duties, *Tillman v. Burge*, 813 F. Supp. 946, 965 (N.D. Ill. 2011) *(citing Imbler v. Pachtman*, 424 U.S. 409, 420 (U.S. 1976)). Whether an action falls within the scope of prosecutorial duties depends upon its function. *See Van de Kamp v. Goldstein*,

7

555 U.S. 335, 342-43 (2010). This is so "even if he initiates charges maliciously, unreasonably, without probable cause, or even on the bases of false testimony or evidence." *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986).

The basis of prosecutorial immunity is "that the prosecutor is engaged in conduct that is intimately associated with the judicial phase of the criminal process." *Buchanan v. City of Kenosha*, 57 F. Supp. 2d 675, 680 (E.D. Wisc. 1999). However, where a prosecutor's conduct is administrative or investigatory in nature, he or she is entitled only to qualified immunity. *Id.; see also Hunt v. Jaglowski*, 926 F.2d 689 (7th Cir. 1991). Moreover, "where a litigant presents a due process claim—Brady, Giglio, or otherwise—the question of immunity turns on the capacity or function that the prosecutor was performing at the time of the alleged wrongful conduct. *Whitlock v. Brueggemann*, No. 11-1059, 2012 U.S. App. LEXIS 10825 (7th Cir. 2012).

Larson claims that when DA Zakowski realized that the statute of limitations had expired on the crimes initially listed on the criminal complaint, he changed the name of the crime to "attempted first degree intentional homicide" (Doc. 20 at 3), thereby improperly charging him (Compl. ¶ 41). Larson also alleges that DA Zakowski targeted him and failed to investigate known leads with DNA testing. (Compl. ¶ 38.)

It is well settled that prosecutors are entitled to absolute immunity for determining whether charges should be brought and initiating prosecution. *Lewis v. Mills*, 677 F.3d 324, 330 (7th Cir. 2012) (*citing Bucley v. Fitzsimmons*, 509 U.S. 259, 270 (1993)). The Wisconsin Court of Appeals has held:

> A district attorney has great discretion in deciding whether to prosecute. In fact, a district attorney has no duty or obligation to prosecute all complaints. Further, a district attorney's conscious exercise of some selective enforcement is not a constitutional violation.

8

*State v. Butler*, 2001 WI App 197, p17 (Wis. Ct. App. 2001) (internal citations omitted.) Moreover, "a prosecutor's discretion in charged decisions is wide and approaches the quasi-judicial." *State v. Lynch*, 2008 WI App 172 (Wis. Ct. App. 2008) (*citing County of Kenosha v. C&S Management,* Inc>, 223 Wis. 2d 373, 400, 588 (1999)). DA Zakowski's decisions to charge Larson with attempted murder and whether to investigate other leads were within his discretion and are functions of his role as a prosecutor. Thus, he is entitled to prosecutorial immunity for such conduct.

Larson further contends that DA Zakowski withheld material exculpatory evidence. (Compl.¶ 42.) According to Larson, DA Zakowski erased the audio from a security tape, failed to provide an exact copy of that tape to defense counsel, withheld evidence that was within his case file (Compl.¶¶ 24-26, 42), and fabricated evidence (Compl. ¶ 38).

The Supreme Court has concluded that a prosecutor enjoys absolute immunity for the use of perjured testimony and the suppression of exculpatory evidence. *Imbler*, 424 U.S. at 431 n.34, (1976); *Tillman v. Burge*, 813 F. Supp.2d 946, 965 (N.D. Ill. 2011). Under some circumstance, however, a prosecutor is not entitled to absolute immunity for withholding evidence. For example, in *Houston v. Partee*, 978 F.2d 362, 365 (7th Cir. 1992), the Seventh Circuit Court of Appeals held that prosecutors are afforded only qualified immunity for the suppression of evidence uncovered after the prosecutors involvement in the plaintiff's case ended. The court in *Speagle v. Ferguson*, Case No. 10-2040, 2010 U.S. Dist. LEXIS 96814 (D. Ill. August 20, 2010), found that prosecutors are not entitled to absolute immunity for conduct alleged to have occurred during preindictment investigations. "A constitutional right exists not to be deprived of liberty on the bases of false evidence fabricated by a government officer," and "a prosecutor who fabricates evidence in his

9

investigative role violates the standard of due process and a resulting loss of liberty is a denial of a constitutional right." *Zahrey v. Coffey*, 221 F.3d 342, (2nd Cir. 2000); *see also Whitlock*, 628 F.3d at 567. Nevertheless, once an arrest warrant is issued, a prosecutor acts as an advocate for the state and is immune from liability. *Fields v. Wharrie*, 672 F.3d 505, 510 (7th Cir. 2012).

The critical question of whether DA Zakowski was functioning as an advocate when the alleged conduct occurred was addressed by defendants in a single conclusory sentence in their motion to dismiss: "[Larson] does not challenge any action by District Attorney Zakowski that is not a prosecutorial action." (Doc. 9 at 8.) However, defendants do not foreclose the possibility that DA Zakowski was functioning as an investigator when he allegedly withheld material exculpatory evidence, erased the audio from a security tape, failed to provide an exact copy of that tape to defense counsel, withheld evidence in the case file and otherwise fabricated evidence. Therefore, further development of the facts is necessary to determine whether DA Zakowski is entitled to absolute prosecutorial immunity. And, because there is no common-law tradition of immunity for investigatory conduct, *Whitlock*, 682 F.3d at 41, and it is not clear whether DA Zakowski's conduct was investigatory, the court will also reject defendants' claim that DA Zakowski is entitled to Eleventh Amendment immunity. The court will deny defendants motion to dismiss the aforementioned claims without prejudice.

Larson further asserts DA Zakowski conspired with Sheriff Kocken and Brown County to falsely arrest and maliciously prosecute him. (Compl. ¶ 39.) False arrest and malicious prosecution are actionable in Wisconsin. *Guenther v. Holmgreen*, 573 F. Supp. 599, 601 (W.D. Wis. 1983).

10

Ordinarily, a prosecutor is absolutely immune from liability for actions of false arrest and malicious prosecution. *See Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986). However, as explained by the Seventh Circuit, a prosecutor is not always absolutely immune from conspiracy suits when the conspiracy involves acts by non-immune coconspirators. *Tillman*, 813 F. Supp. at 984. "[T]he operative question is whether the underlying constitutional violation committed by the coconspirator is one that, had it been committed by the prosecutor, would be covered by prosecutorial immunity." *Id.* at 985.

Defendants DA Zakowski, Judge McKay and Warden Pollard fail to address Larson's claims for false arrest and malicious prosecution in the context of the alleged conspiracy between DA Zakowski, Sheriff Kocken and Brown County. At this early stage in the litigation, and absent relevant arguments in the defendants' motion to dismiss, dismissal of the conspiracy claim is premature.

WARDEN WILLIAM POLLARD

Governmental officials performing discretionary functions are entitled to qualified immunity when their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The Seventh Circuit stated:

> Even though the qualified immunity inquiry is a question of law, the particular facts of the case at issue must be considered by the court in order to determine whether the law was clearly established at the time the officials acted. This is because the test of "clearly established law" demands that the constitutional right in question be characterized with sufficient particularity. In examining whether the official is entitled to qualified immunity, the court must determine whether the law was clear in relation to the specific facts confronting the public official when he acted.

*Del Raine v. Williford*, No. 89-2154, 1992 U.S. App. LEXIS 341, 3-4 (7th Cir. Jan. 10, 1992) (internal citations omitted).

11

Larson charges that Warden Pollard kept numerous original copes of exculpatory court documents, which prevented him from providing these documents to the court during his jury trial. (Compl. ¶ 29.) On the other hand, defendants argue that "Warden Pollard could not reasonably have known that simply by keeping Larson's documents, he violated any of Larson's clearly established statutory or constitutional rights" (Doc. 9 at 11), but fail to address whether the denial of such documents was a violation of clearly established law. Indeed, defendants fail to reference any legal standards applicable to the handling of prisoner property by prison officials. As a consequence, the court is not persuaded that Warden Pollard is entitled to qualified immunity respecting Larson's claim that he withheld exculpatory documents.

Under the law enforcement exception of the Health Insurance Portability and Accountability Act, 42 U.S.C. § 1320d, a covered entity may disclose protected health information for a law enforcement purpose to a law enforcement official if certain enumerated conditions are met.

Larson was called to the medical unit at Green Bay Correctional Institution to acquire his height and weight, and he was told that this medical information was needed to determine proper medication dosages. However, as asserted by Larson, this medical information was obtained illegally, without his consent and used against him at trial. In response, defendants submit that "to the extent that Warden Pollard shared Larson's height with Sergeant Drootsan, Warden Pollard could not have reasonably known that he was violating Larson's clearly established constitutional rights." (Doc. 9 at 10.) Besides referencing the relevant HIPPA regulation, defendants do not analyze why Warden Pollard could not have reasonably known that he was violating Larson's right. Therefore, this court

12

is unable to find that Warden Pollard is entitled to qualified immunity arising from him allegedly sharing Larson's medical information without consent.

Finally, Larson seeks criminal penalties against Warden Pollard under 42 U.S.C. § 1320-6-(b)(3). In this regard, the complaint fails to state a claim upon which relief may be granted as criminal penalties in the present action. Therefore, the criminal claims against Warden Pollard are dismissed. Now therefore,

IT IS ORDERED that the motion to dismiss defendants Brown County, Sheriff Kocken and Sheriff Drootsan (Doc. 17) is denied.

IT IS FURTHER ORDERED that the motion to dismiss defendants DA Zakowski, Judge McKay and Warden Pollard (Doc. 8) is granted in part and denied in part as follows:

- all claims against Judge McKay are dismissed;
- claims against DA Zakowski for charging Larson with attempted murder and failing to investigate other leads are dismissed, but all other claims against him remain;
- criminal claims against Warden Pollard are dismissed, but all other claims against him remain.

IT IS FURTHER ORDERED the U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon the defendant pursuant to Fed. R. Civ. P. 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting to make such service. 28 U.S.C. § 1921. The full fee schedule is provided at 28 C.F.R. § 0.114(a)(2)-(3). Even though Congress requires the court to order service by the U.S. Marshals Service when a person is permitted to

13

proceed in forma pauperis, Congress has not provided for these fees to be waived, either by the court or the U.S. Marshals Service.

Plaintiff is hereby notified that, from now on, he is required, under Fed. R. Civ. P. 5(a), to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Plaintiff should also retain a personal copy of each document. The court may disregard any papers or documents that do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the clerk of court's office of any change of address. Failure to do so could result in orders or other information not being timely delivered.

IT IS FURTHER ORDERED that a Scheduling Conference is set for September 7, 2012, at 11:00 A.M. in Courtroom 222, 517 E. Wisconsin Avenue, Milwaukee, WI 53202.

Dated at Milwaukee, Wisconsin, this 27th day of July, 2012.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE

14